**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DURWYN TALLEY, #B-52081,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 15-cv-1032-NJR** |
| | ) | |
| **TRACY LEE, MAJ MONJE,** | ) | |
| **JACQUELINE LASHBROOK,** | ) | |
| **WILLIAM ANDREW SPILLER,** | ) | |
| **BRANDON ANTHONY, MS. COWAN,** | ) | |
| **LANCE PHELPS, KIMBERLY BUTLER,** | ) | |
| **TERRI ANDERSON, C/O FITZGERALD,** | ) | |
| **and DONALD STOLWORTHY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Durwyn Talley, an inmate who is currently incarcerated at Menard Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680 (Doc. 1). In his complaint, Talley claims that officials at Menard Correctional Center ("Menard") and the Illinois Department of Corrections ("IDOC") conspired to retaliate against him for filing grievances and lawsuits by denying him protective custody in May 2015 (Doc. 1, pp. 11-20). He now sues nine Menard officials[1] and two IDOC officials[2] for violating his rights under the First and Eighth Amendments. Talley seeks monetary damages and injunctive relief, including protective custody, a single cell, or a transfer to Pontiac Correctional Center ("Pontiac") (Doc. 1, p. 21).

---

[1] The Menard officials include Defendants Butler (warden), Fitzgerald (correctional officer), Cowan (counselor), Lee (internal affairs lieutenant), Lashbrook (internal affairs director), Spiller (internal affairs officer), Monje (internal affairs officer), Anthony (internal affairs officer), and Phelps (internal affairs officer).

[2] The IDOC officials include Defendants Stolworthy (director) and Anderson (prisoner review board member).

Talley also seeks leave to proceed *in forma pauperis* ("IFP") without prepayment of the $400.00 filing fee for this action (Doc. 1). He recently "struck out" after filing three or more lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim for relief. *See Talley v. Clerk of the U.S. Court of Appeals, 7th Circuit, et al.*, Case No. 15-cv-05323 (N.D. Ill., dismissed as frivolous on June 19, 2015); *Talley v. Reardon*, Case No. 14-cv-02251 (C.D. Ill., dismissed for failure to state a claim on Feb. 2, 2015); *Talley v. Gongocky*, Case No. 13-cv-01112 (C.D. Ill., dismissed as frivolous on Nov. 8, 2013). Under the circumstances, Talley can only proceed IFP in this matter if he faces imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

Not surprisingly, this is exactly what Talley claims.[3] As discussed in more detail below, the Court will allow him to proceed IFP on one of these claims. And because Talley also seeks injunctive relief relative to this claim, the Court will now review this matter. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012).

### Merits Review Under 28 U.S.C. § 1915A

Under 28 U.S.C. § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). When doing so, the Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

---

[3] Talley has raised similar claims in his prior lawsuits, each time without success. The latest claim represents a variation of past claims, in which he names different defendants and includes heightened allegations of imminent danger. *See, e.g., Talley v. Clerk of the U.S. Court of Appeals, 7th Circuit, et al.*, Case No. 15-cv-05323 (N.D. Ill. 2015) (dismissing conspiracy to retaliate claim); *Talley v. Godinez, et al.*, Case No. 14-cv-00948 (S.D. Ill. 2014) (dismissing failure to protect claim without prejudice); *Talley v. Fitzgerald*, Case No. 15-cv-01029 (S.D. Ill. 2015) (Doc. 4, pp. 9-10) (denying request for injunctive relief based on claims of retaliation and failure to protect as being unrelated to the "heart" of the case).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, Talley was refused protective custody at Menard in May 2015. At the time, he notified Menard officials that he was the subject of a "gang hit" after being labeled a "stool pigeon" (Doc. 1, p. 11). He signed himself into protective custody, but his request to remain there was denied "based on false evidence" (*Id.*).

Talley explains that several Menard officials grew tired of the many grievances and lawsuits he had filed. After he filed two lawsuits and approximately one hundred grievances against various Menard officials, several internal affairs officers destroyed documentation

indicating that he was the target of a "gang hit" (Doc. 1, pp. 15, 19). When he subsequently complained about receiving threats from prison officials and gang members, the internal affairs officers refused to investigate his claims (Doc. 1, p. 18). In response to his request for protective custody, these same officials allegedly introduced fabricated evidence that he once signed himself out of protective custody at Pontiac just three days after signing himself into protective custody there (Doc. 1, p. 11). On the basis of this false evidence, Talley's request for protective custody at Menard was denied, and he blames Defendants Lee, Lashbrook, Spiller, Monje, Anthony, Phelps, and Butler for this.

Before his release from protective custody, Talley was repeatedly threatened by prison officials and inmates (Doc. 1, p. 12). Defendant Fitzgerald threatened to beat or kill Talley, if he continued filing grievances and lawsuits against prison officials (Doc. 1, pp. 12, 15). Defendant Fitzgerald also called Talley a "snitch" and "stool pigeon" and told him that he was not safe, even in protective custody (Doc. 1, pp. 15-16). Defendant Cowan called Talley a "trouble-maker," told him that he was vulnerable to gang attacks in protective custody, and also told him that he could not transfer to another prison (Doc. 1, pp. 12-13, 19). Despite receiving complaints directly from Talley, Defendants Anderson, Stolworthy, and Butler upheld the decision to deny him protective custody.

Since this decision, Talley has received additional threats to his safety from prison officials and inmates (Doc. 1, p. 14). Several inmates have threatened to beat or kill him. Although Talley has sent grievances to internal affairs about this, his grievances have been ignored.

Talley claims that Defendants conspired to retaliate against him for filing grievances and lawsuits by denying his requests for protective custody. He seeks monetary damages (Doc. 1, p.

21). Talley also seeks injunctive relief, in the form of placement in protective custody, a single cell, or a prison transfer.

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to reorganize the claims in Talley's *pro se* complaint into two counts, as set forth below.

**Count 1:** **Defendants conspired to retaliate against Talley for filing grievances and lawsuits, by denying him placement in protective custody in violation of his rights under the First and Eighth Amendments; and**

**Count 2:** **Defendants are liable for failing to protect Talley under the FTCA.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts should not be construed as an opinion regarding their merit.

**Count 1** satisfies the "imminent danger" standard *and* Section 1915A review. Accordingly, Talley shall be allowed to proceed IFP on Count 1 against all of the defendants.

**Count 2** fails to state a claim upon which relief may be granted. The complaint generally refers to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680, however, the FTCA provides jurisdiction for suits against the United States regarding torts committed by federal officials, not state officials. All of the defendants in this action are state officials. Accordingly, Count 2 shall be dismissed with prejudice.

**Request for Injunctive Relief**

In the complaint, Talley generally seeks injunctive relief in the form of placement in protective custody, placement in a single cell, or a transfer to Pontiac Correctional Center. He did not file a separate motion seeking immediate relief under Rule 65 of the Federal Rules of Civil Procedure. He also did not request a temporary restraining order ("TRO") or a preliminary injunction in the complaint. In fact, there is no mention of Rule 65 at all. In addition, Talley alleges that he is housed in the unit with the lowest level of gang activity at Menard (Doc. 1, p. 19). Talley does not allege that he is currently in regular contact with any of the individuals who have threatened him. Thus, despite the fact that the Court is granting Talley's request for IFP status based on his claim of imminent danger, the Court does not deem it necessary to issue a TRO at this time.

A TRO is an order issued without notice to the party to be enjoined, and it may last no more than fourteen days. *See* FED. R. CIV. P. 65(b)(2). A TRO may issue only if "specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A). The Court now finds that this standard has not been met.

Out of an abundance of caution, however, the Court construes Talley's request for injunctive relief as including a request for a preliminary injunction. The Clerk shall be directed to add this motion to the docket sheet in CM/ECF and refer the motion for further consideration by a magistrate judge.

**Pending Motions**

Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 2) is **GRANTED**.

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be **REFERRED** to a United States Magistrate Judge for further consideration.

**Disposition**

The Clerk is **DIRECTED** to **ADD** Plaintiff's motion for preliminary injunction as a separate docket entry in CM/ECF.

**IT IS HEREBY ORDERED** that Plaintiff's request for injunctive relief, to the extent he seeks a temporary restraining order, is **DENIED** without prejudice.

**IT IS ORDERED** that **COUNT 2** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

**IT IS ALSO ORDERED** that as to **COUNT 1**, the Clerk of Court shall prepare for Defendants **LEE, LASHBROOK, SPILLER, MONJE, ANTHONY, PHELPS, BUTLER, ANDERSON, STOLWORTHY, COWAN,** and **FITZGERALD**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address

shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Donald G. Wilkerson** for further pre-trial proceedings, including consideration of Plaintiff's request for a preliminary injunction. Any motions or other papers filed after the date of this Order that relate to this request for relief or seek leave to amend the complaint are also **REFERRED** to United States Magistrate Judge Wilkerson. If it becomes apparent that further action is necessary, the undersigned Judge should be notified immediately. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

     **IT IS SO ORDERED.**

     **DATED:  September 23, 2015**

                                           **NANCY J. ROSENSTENGEL**
                                         **United States District Judge**