IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DURWYN TALLEY, )
)
   Plaintiff, )
)
v. ) Case No. 3:15-cv-1032-NJR-DGW
)
TRACY LEE, JACQUELINE LASHBROOK, )
WILLIAM ANDREW SPILLER, MAJ )
MONJE, BRANDON ANTHONY, LANCE )
PHELPS, KIMBERLY BUTLER, TERRI )
ANDERSON, DONALD STOLWORTHY, )
MS. COWAN, and C/O FITZGERALD, )
)
   Defendants. )

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion to Dismiss filed by Defendants on November 23, 2015 (Doc. 45). For the reasons set forth below, the Motion is **TAKEN UNDER ADVISEMENT.**

### BACKGROUND

Plaintiff, an inmate currently incarcerated at the Western Illinois Correctional Center ("Western Illinois"), is a three-striker: he can only proceed on a claim in Federal Court *in forma pauperis* if he faces imminent danger of serious physical harm. *See* 28 U.S.C. § 1915(g). Plaintiff made such an allegation in a Complaint filed on September 21, 2015 while he was incarcerated at the Menard Correctional Center ("Menard") (Doc. 1). Plaintiff alleged that he has been refused protective custody notwithstanding being the target of a "gang hit" and repeated threats of harm from inmates and correctional officers. The District Court construed his claim as one for retaliation for exercising his First Amendment rights and permitted Plaintiff to proceed *in*

*forma pauperis* (Doc. 5).

In addition to filing a Complaint, Plaintiff sought injunctive relief, either a temporary restraining order (TRO) or a preliminary injunction. His request for a TRO was denied on September 23, 2015; his request for a preliminary injunctive relief was set for a hearing on October 2, 2015 (Doc. 11). On October 14, 2015, this Court issued an Amended Report and Recommendation finding that Plaintiff was not credible in his assertions that he is being threatened by inmates and correctional officers at Menard and concluding that his request for preliminary injunctive relief should be denied, in part because Plaintiff was in the process of being transferred to another correctional institution (Doc. 30). Thereafter, Plaintiff filed other requests for injunctive relief (Docs. 38 and 55) after he was transferred to the Pinckneyville Correctional Center around November 6, 2015 (Doc. 37) and Western Illinois around December 1, 2015 (where he currently resides) (Doc. 53).

On May 6, 2016, the District Court denied all of Plaintiff's requests for injunctive relief finding that Plaintiff is not entitled to a transfer from Western Illinois because his claims of danger are unsupported in the record, there is no reasonable likelihood of success on the merits, and because his claims may be moot in light of his transfer to Western Illinois and lack of allegations that he is likely to be retransferred to Menard (Doc. 65).[1]

In their Motion to Dismiss, Defendants argue that because Plaintiff's claims of imminent danger have been found to not exist (in the context of his request for injunctive relief), Plaintiff's complaint should be dismissed for failure to pay the filing fee.

---

[1] Plaintiff has since sought reconsideration of that Order (Docs. 66 and 67).

**DISCUSSION**

On a defendant's motion to dismiss, all facts in the complaint are accepted as true. *Doss v. Clearwater Title Co.*, 551 F.3d 634, 639 (7th Cir. 2008). The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). In screening Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A, this Court already has determined that Plaintiff has stated a claim, namely that he is being retaliated against for exercising his First Amendment Rights. Rather than seeking dismissal for failure to state a claim, Defendants are instead seeking reconsideration of this Court's finding, under section 1915(g), that Plaintiff "is under imminent danger of serious physical injury." Defendants acknowledge that such a determination is initially made upon the filing of a Complaint (and based only on the allegations). S*ee Fletcher v. Menard Correctional Center*, 623 F.3d 1171, 1174 (7th Cir. 2010), *Heimermann v. Litscher*, 337 F.3d 781, 781-782 (7th Cir. 2003) (per curiam). Defendants nonetheless argue that because the Court has already found that Plaintiff is not entitled to injunctive relief on his claims because his assertions of danger are unsupported by the record, his ability to proceed *in forma pauperis* should be reconsidered.

When a defendant challenges the finding of imminent danger, the District Court should hold a hearing, or consider evidence, to determine whether Plaintiff's claims of imminent danger should be credited. *Taylor v. Watkins*, 623 F.3d 483 (7th Cir. 2010). By their Motion, Defendants are challenging Plaintiff's claims of imminent danger. However, they argue, essentially, that such a hearing is unnecessary because of the proceedings on injunctive relief. The Orders on injunctive relief, however, are based on a more stringent standard and contained elements that may not be relevant to a threshold determination of imminent danger immediately preceding or at the time the Complaint was filed. At this stage of the proceedings, the better

course of action would be to hold an evidentiary hearing on Plaintiff's claim that he was in imminent danger at the time the Complaint was filed.  *See Id*. at 485.

**IT IS THEREFORE ORDERED** that this matter is set for an evidentiary hearing on the Motion to Dismiss and Plaintiff's claim that he was "under imminent danger of serious physical injury" at the time the Complaint was filed, September 21, 2015.  The hearing shall take place on **Wednesday June 8, 2016 at 10:00 a.m.**  Plaintiff shall appear by videoconference and Defendants shall appear by counsel.

**IT IS SO ORDERED.**

**DATED: May 19, 2016**

**DONALD G. WILKERSON**
**United States Magistrate Judge**