IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DURWYN TALLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cv-1032-NJR-DGW |
| | ) | |
| TRACY LEE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion to Dismiss filed by Defendants on November 23, 2015 (Doc. 45).   For the reasons set forth below, it is **RECOMMENDED** that the Motion be **DENIED** and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiff, Durwyn Talley, filed a Complaint on September 21, 2015 against a variety Illinois Department of Corrections' employees who work at the Menard Correctional Center ("Menard"), where Plaintiff was previously housed (Doc. 1).   Plaintiff claimed that in May, 2015 he signed himself into protective custody at Menard because of a "gang hit" that was supposed to occur in that month by the Gangster Disciples, a prison gang.   However, protective custody was refused after a few days because Defendants falsely stated that he had no enemies at Menard and that he had previously signed himself out of protective custody while housed at the Pontiac Correctional Center.   Plaintiff claims defendants made these statements in retaliation for filing

grievances and lawsuits.   Plaintiff further claims that while in protective custody, various inmates threatened him and told him to stop bragging about his lawsuits.

When he was taken out of protective custody, his life was allegedly threatened by two unknown officers, and several inmates.   They told him that he will be severely beaten or killed if he did not stop filing documents with the Court.   These inmates include "Eric Hogan" and another named "Shorty," who are both serving sentences for murder.   In the month of August, 2015, Plaintiff states that Eric Hogan threatened him four times.   Plaintiff further alleges that he has since been refused protective custody; that various officers told him that he can be injured or killed, even if he was in protective custody; and, that various documents and evidence have been destroyed by Defendants, in the past, that listed his enemies and show that there was a "gang hit" on him.

Finally, Plaintiff alleges that inmates "B.W." and "Perry" threatened him.   Plaintiff notes that that Hogan and B.W. run both the Gangster Disciples and the Vice Lords, both prison gangs. Plaintiff has been permitted to proceed on one Count: alleging that Defendants conspired to retaliate against him for filing grievances and lawsuits by denying him protective custody.

Plaintiff also requested injunctive relief, stating that since September, 2015 he has been threatened by Eric Hogan, the other inmates listed in his Complaint, and Correctional Officers. That request, along with subsequent requests, were denied on May 6, 2016 (Doc. 65).[1]   Since filing the Complaint, Plaintiff has been moved from Menard to Pinckneyville Correctional Center and to Western Illinois Correctional Center, where he is currently housed.

On November 23, 2015, Defendants filed a Motion to Dismiss (Doc. 45).   The Motion was filed after this Court issued a Report and Recommendation that recommended that Plaintiff's

---

[1] Plaintiff has sought reconsideration of that Order (Docs. 66, 67, and 72), a subsequent motion for injunctive relief (Doc. 74), and another motion (Doc. 73).

request for injunctive relief be denied (Doc. 30) but prior to the District Court's ruling on Plaintiff's request for injunctive relief. A hearing on the Motion was held on June 8, 2016 (Doc. 77) and this report and recommendation follows.

At the hearing, only Plaintiff presented evidence. Defendants indicated that they would present an affidavit, however, they later informed the Court than no affidavit would be filed. Plaintiff testified, under oath, that he was being threatened with death and violence by two inmates, Hogan and Perry, who were in his housing unit and who were cellmates. He did not know them before his transfer to Menard; but, they told him that he was a snitch and that they would "get" him. Plaintiff believed that they could harm him because Perry had a good rapport with correctional officers. These threats, numbering over 15, occurred in the gallery, the housing unit, and in the yard, started in May, 2015 and ended upon his transfer to Pinckneyville in November 2015. While Plaintiff was never attacked, he felt threatened during inmate movements because of the body language of other, unspecified, inmates. Plaintiff further testified that he sought protective custody continuously since May, 2015 from different officers that worked his tier and wing. The only reason he was given protective custody for a short period in May, 2015 was because he threatened suicide. Even when he indicated that another inmate, "9-o," had a "hit" out on him, they still did not place him in protective custody.

When questioned, Plaintiff stated that he knew that if he refused housing, he would be removed from his housing gallery and automatically placed in segregation. However, he also believes that he would be beaten by officers if he did not go to his cell. Finally, Plaintiff indicated that when he did go to protective custody in May, 2015, other inmates, Orris "Coolaide" Spann, and Cleveland McCall, pointed him out to other inmates and said that he would be "hit" if he went out to the yard. Again, as noted above, there is no allegation that Plaintiff was actually assaulted

or battered while he was at Menard and prior to the filing of his Complaint.

### CONCLUSIONS OF LAW

Plaintiff is a three-striker: he has been found to have filed 3 or more frivolous lawsuits and now must pre-pay the full filing fee (and other fees and costs) in order to sue in Federal Court. The one exception is if he alleges that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).   In an Order entered on March 31, 2015, the District Court found that Plaintiff had met this showing (Doc. 4).   That finding was made solely on the allegations contained in the Complaint.   Defendants have challenged that finding by arguing that Plaintiff cannot establish that he was in imminent danger at the time he filed his complaint.   *See Taylor v. Watkins*, 623 F.3d 483 (7th Cir. 2010).   *Taylor* instructs the District Court that "when a defendant contests a plaintiff's claims of imminent danger, a court must act to resolve the conflict."   *Id*. at 485.   As such, a hearing was set in this matter on Defendants' motion.

Defendants, however, failed to present any evidence, let alone "incontrovertible proof" that Plaintiff's allegations of imminent danger of serious physical injury were implausible or false. Rather, the only evidence at the hearing was presented by Plaintiff.   *Id*. at 485.   Plaintiff stated that he was threatened at least 15 times with death and battery by at least four individual inmates; he believed that they could harm him because they pointed him out to other inmates, believed he was a snitch, and had a good rapport with Correctional officers; he was refused protective custody on a number of occasion by more than one correctional officer; and he could sense from the body language of various inmates that they would harm him, given the opportunity, during daily movements to and from chow.   As previously found by the District Court, threats of great bodily harm and the apparent ability and opportunity to commit such harm could represent an imminent danger that would satisfy 28 U.S.C. § 1915(g).   *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th

Cir. 2003).   There was nothing in Plaintiff's testimony or in the evidence presented that would call into question Plaintiff's credibility or the Court's initial finding.   Defendants have pointed out no major or glaring inconsistencies between Plaintiff's testimony and his allegations.   And, Defendants presented no evidence or argument that would refute Plaintiff's version of events. *See e.g. Duncan v. Spiller*, 2016 WL 66732 (S.D. Ill. 2016) (revoking IFP status where, after an evidentiary hearing, Plaintiff was found not credible because of inconsistencies in the allegations and evidence presented).   As such, this Court can only recommend that Defendants' motion be denied.

RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that the Motion to Dismiss filed by Defendants on November 23, 2015 (Doc. 45) be **DENIED** and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto.   The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals.   *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: June 17, 2016**

**DONALD G. WILKERSON**
**United States Magistrate Judge**