IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DURWYN TALLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-cv-1032-NJR-DGW |
| | ) | |
| TRACY LEE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are multiple motions:

Plaintiff seeks reconsideration of an Order (Doc. 61) which denied entry of a protective order that would redact various names that have appeared in the record in this case.   The Motion is again **DENIED** (Doc. 73).   As indicated previously, good cause is required and no showing has been made.   Any future motion seeking the same relief that does not cure previously pointed out defects will be summarily denied and/or stricken.   For the same reasons, the Motion to redact transcript is **DENIED** (Doc. 85).   Plaintiff is further informed that only documents actually filed will be served.   The proposed amended pleadings have not been filed; therefore, Plaintiff would not receive an "e-filed" copy of the same.   Plaintiff should copy proposed documents for his own records prior to submitting the same for review.   Accordingly, the Motion for Copy is **DENIED** (Doc. 88).

Plaintiff has filed two Motions to Amend which seeks to amend the complaint in substantially the same way.   Plaintiff states that the Court did not consider a deliberate indifference allegation made in the original complaint and seeks to correct that error.   Plaintiff, has, in fact, completely re-written his statement of claim.

Federal Rule of Civil Procedure 15 provides that leave to amend should be freely given when justice so requires but may be denied if there is undue delay, futility, or prejudice. *Life Plans, Inc. v. Security Life of Denver Ins. Co.*, 800 F.3d 343, 357-358 (7th Cir. 2015). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To state a cognizable claim, the complaint must provide enough detail to give defendants fair notice of the nature of the claim and the grounds upon which it rests and to show that relief is plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007). Conclusory statements or the mere recitation of the elements of the cause of action are insufficient. *Id.* The pleading must contain factual allegations that "raise the right to relief above the speculative level." *Id.* at 555. In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court emphasized two underlying principles in *Twombly*: first, that legal conclusions stated in a complaint are not entitled to the assumption of truth reserved to factual allegations, and second, a complaint must state a plausible claim for relief. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

Plaintiff's proposed amended complaint interjects events and claims that arose after the filing of his original complaint on September 21, 2015. At that time, Plaintiff was residing at the Menard Correctional Center and claimed that he was denied protective custody in May, 2015 based on false information and a conspiracy to retaliate against him for filing over 100 grievances and 2 lawsuits. From May 2015 to the date of the Complaint, Plaintiff also claimed that various prison officials and inmates threatened to harm him. Thus, Plaintiff was permitted to proceed on a claim that Defendants conspired to retaliate against him, by denying him protective custody, for

filing grievances and lawsuit.  Importantly, the Court found that Plaintiff alleged that he was in imminent danger, a finding that permitted Plaintiff to file suit without the prepayment of a filing fee notwithstanding his status as a 3-striker.  Plaintiff was subsequently transferred to the Pinckneyville Correctional Center around November 1, 2015 (Doc. 37), and then to Western Illinois Correctional Center around November 26, 2015 (Doc. 53).

In his proposed amended complaint, Plaintiff outlines the same events as are outlined in his original complaint; however, he seeks to add the Warden of Western Illinois Correctional Center, Korte, and makes allegations related to events that occurred after the filing of this lawsuit.  For example, he states that he was "receiving threats on his life up onto to the point of his transfer from Menard, C.C.  Based on defendants conduct and what they failed to do, they were deliberately indifferent to Plaintiff's health and safety."  He further discusses threats at a "receiving unit," presumably at Western Illinois or Pinckneyville.  He claims that "in the past month, plaintiff has been threatened by "E" numerous times, and by Shorty ass well [sic]."[1]  And, he seeks to add Warden Korte because he is "in charge of Internal Affair and officer at this prison."  For relief, he seeks an injunction to remove him from "all prisons where he has sued the state and internal affairs."

It appears that Plaintiff is attempting to conflate or add together claims that he originally made with new allegations of threats at his current prison.  It should be noted that Plaintiff has filed many motions for injunctive relief attempting to seek relief regarding events unrelated to the original complaint and against Defendants who are not a party to this suit.  All of these requests

---

[1] This allegation is inconsistent with those made in his complaint.  In his original complaint, Plaintiff alleged that Eric Hogan and Shorty had threatened his life.  These events occurred at Menard.  In his proposed amended complaint, Plaintiff alleges that "E" (presumably Hogan) and Shorty have recently threatened him.  Either these inmates have moved with Plaintiff to Western Illinois, or are somehow threatening him remotely, or Plaintiff is confused as to who is threatening him and when.

have, so far, been denied.   His proposed amended complaint does not clarify or expand upon any claim that he made in his original claim.   Rather, Plaintiff appears to be attempting to skirt his status as a three-striker and add unrelated claims to this lawsuit.   If Plaintiff believes that he is in imminent danger at this current institution, he should file another lawsuit; he cannot simply amend his complaint in this suit to add unrelated claims and prayers for relief against different Defendants.   In any event, the proposed amended complaint adds no new element to Plaintiff's original claims, is vague as to dates and location of events (as noted above in footnote 1), and seeks to only add unrelated claims and defendants.   The Motions are accordingly **DENIED** (Docs. 81 and 86).

**IT IS SO ORDERED.**

**DATED: August 29, 2016**

**DONALD G. WILKERSON**
**United States Magistrate Judge**