IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DURWYN TALLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-CV-1032-NJR-DGW |
| ) | |
| TRACY LEE, ) | |
| JACQUELINE LASHBROOK, ) | |
| WILLIAM SPILLER, MICHAEL MONJE, ) | |
| BRANDON ANTHONY, ) | |
| LANCE PHELPS, KIMBERLY BUTLER, ) | |
| TERRI ANDERSON, DONALD ) | |
| STOLWORTHY, JEANETTE COWAN, ) | |
| and ZACH FITZGERALD, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of Magistrate Judge Donald G. Wilkerson entered on June 17, 2016 (Doc. 79), which recommends denial of Defendants' motion to dismiss (Doc. 45). Defendants filed a timely objection to the Report and Recommendation on July 1, 2016 (Doc. 80).

Because timely objections were filed, the undersigned must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). *De novo* review requires the district judge to "give fresh consideration to those issues to which specific objections have been made" and make a decision "based on an independent review of the evidence

and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Harper*, 824 F.Supp. at 788 (citing 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)); *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, 824 F. Supp. at 788.

For the reasons stated below, the Court sustains Defendants' objection and respectfully rejects the Report and Recommendation.

## BACKGROUND

Plaintiff Durwyn Talley, an inmate in the Illinois Department of Corrections, filed this *pro se* lawsuit on September 21, 2015 (Doc. 1). After conducting a threshold review of the complaint under 28 U.S.C. 1915A, the Court permitted Talley to proceed on one claim of retaliation in violation of the First Amendment (Doc. 5). In particular, Talley claimed that other inmates and prison officials at Menard Correctional Center had been threatening to beat and kill him from May 2015 up to the time he filed this case (Doc. 5, Doc. 1). Talley further alleged that his complaints about the threats were ignored and his requests for protective custody were denied (Doc. 5, Doc. 1). According to Talley, this was all happening because officials at Menard had grown tired of the many grievances and lawsuits he had filed (Doc. 5, Doc. 1).

At the same time Talley filed his complaint, he filed a motion to proceed *in forma pauperis* ("IFP") (Doc. 2). Because Talley had recently "struck out" for previously filing three frivolous lawsuits in federal court, he could not proceed IFP unless he was in imminent danger of serious physical injury (Doc. 5). 28 U.S.C. § 1915(g). The Court

found that the imminent danger standard was satisfied based on Talley's allegations regarding the threats he received and the inaction of prison officials, and he was permitted to proceed IFP (Doc. 5). Those same allegations were also construed by the Court as a request for a preliminary injunction (Doc. 5). Talley then followed up by submitting a number of formal motions to that effect (Docs. 6, 10, 29).

Magistrate Judge Wilkerson held a hearing on October 2, 2015—eleven days after Talley filed his complaint—on the issue of a preliminary injunction. Talley testified at the hearing, and the crux of his testimony was that the threats he received prior to filing the lawsuit had continued. Following the hearing, Magistrate Judge Wilkerson issued a Report and Recommendation recommending the denial of Talley's requests for preliminary injunctive relief (Doc. 30). Magistrate Judge Wilkerson stated in pertinent part that "Plaintiff was not credible in his assertions that he is being threatened by inmates and correctional officers because of his First Amendment activities" (Doc. 30, p. 5). Specifically, Magistrate Judge Wilkerson stated that Talley was "prone to exaggeration," and he "attributes constitutional motivations to actions that have legitimate purposes, simply because he believes that there is a vast conspiracy to cause him harm" (Doc. 30, pp. 3, 6–7). Magistrate Judge Wilkerson further stated that Talley's belief "ha[d] no basis in fact" and was instead based on "rank conjecture and speculation as to the motivations of personnel at the prison and the actions of other inmates" (Doc. 30, pp. 6, 7). For these reasons, Magistrate Judge Wilkerson concluded that there was "no reasonable likelihood that Plaintiff [would] prevail on the merits of this case," and he

recommended denying all of Talley's requests for preliminary injunctive relief (Doc. 30, p. 6).

This Court adopted the Report and Recommendation, including Magistrate Judge Wilkerson's credibility findings, and concluded that Talley was not being threatened or in danger of physical harm as he alleged in his complaint (Doc. 65, p. 4). More specifically, the undersigned concluded that Talley "exaggerat[ed] his circumstances" and "what Talley labels as a threat was [actually] a warning from fellow inmates about the repercussions Talley *might* face if he continues to file lawsuits, rather than a threat of actual harm" (Doc. 65, pp. 4, 5).

Before the Court ruled on the Report and Recommendation, however, Defendants filed a motion to dismiss Talley's complaint based on Magistrate Judge Wilkerson's findings and conclusions (Docs. 45, 46). In short, Defendants argue that if Talley's allegations of danger were not credible and therefore insufficient to warrant the imposition of a preliminary injunction, then those allegations are also insufficient to establish that he was in imminent danger at the time he filed his complaint, and he should not have been permitted to proceed IFP.

On June 8, 2016, Magistrate Judge Wilkerson held another hearing, this time on the motion to dismiss (Doc. 76). *See Taylor v. Watkins*, 623 F.3d 483, 486 (7th Cir. 2010) (holding that "that when a defendant contests a plaintiff's claims of imminent danger, a court must act to resolve the conflict."). Once again Talley testified about the purported threats he received at Menard prior to filing this lawsuit and prison officials' inaction. Following the hearing, Magistrate Judge Wilkerson issued a Report and

Recommendation, recommending that the motion to dismiss be denied (Doc. 79). Defendants filed an objection (*see* Doc. 80); Talley did not file any objections of his own or a response to Defendants' objections.

### THE REPORT AND RECOMMENDATION AND DEFENDANTS' OBJECTIONS

In the Report and Recommendation, Magistrate Judge Wilkerson detailed Talley's testimony regarding the threats he claimed to have faced at Menard (Doc. 79, p. 3). Then, citing to *Taylor*, Magistrate Judge Wilkerson noted that Defendants "failed to present any evidence, let alone 'incontrovertible proof' that Talley's allegations of imminent danger of serious physical injury were implausible or false" (Doc. 79, p. 4). He further noted that:

> There was nothing in Plaintiff's testimony or in the evidence presented that would call into question Plaintiff's credibility or the Court's initial finding [of imminent danger]. Defendants have pointed out no major or glaring inconsistencies between Plaintiff's testimony and his allegations. And, Defendants presented no evidence or argument that would refute Plaintiff's version of events.

(Doc. 79, p. 5). Consequently, Magistrate Judge Wilkerson recommended denying the motion to dismiss (Doc. 79).

Defendants objected to the Report and Recommendation, setting forth three main arguments: (1) Talley was not in imminent danger at the time he filed his complaint because the event that allegedly placed him in imminent danger—the denial of protective custody in May 2015—occurred four months prior to him filing suit; (2) Magistrate Judge Wilkerson incorrectly placed on Defendants the burden to provide incontrovertible proof that Talley was not in imminent danger at the time he filed the

complaint; and (3) Talley was not in imminent danger at the time he filed his complaint because he could have removed himself from any alleged, perceived danger (Doc. 80).

## ANALYSIS

As an initial matter, the Court notes that Defendants' motion to dismiss is construed as a request to revoke Talley's IFP status. The Court believes that if Talley's allegations of imminent danger are not credible, the proper response is not to immediately throw the case out of court. Instead, the proper response is to revoke his IFP status, give him a chance to pay the full filing fee, and dismiss the case if he fails to do so.

Turning next to Defendants' objections, the Court concludes that it need not address each objection because it finds that the second objection provides a sound basis for rejecting the Report and Recommendation and revoking Talley's IFP status. In the second objection, Defendants first argue that they were not required to produce incontrovertible proof to disprove Talley's claims of imminent danger as implied by Magistrate Judge Wilkerson (Doc. 80). To the extent that Magistrate Judge Wilkerson suggested that *Taylor* imposed this requirement, the Court disagrees.

In *Taylor*, the defendants challenged the plaintiff's allegations of imminent danger, and following an evidentiary hearing, the district court concluded that the allegations were not supported by the evidence and denied the plaintiff's request to proceed IFP. *Taylor v. Watkins,* 623 F.3d 483, 484 (7th Cir. 2010). When the plaintiff failed to pay the necessary filing fee, the case was dismissed. *Id.* The plaintiff appealed, arguing that the district court was not permitted to hold an evidentiary hearing on his motion to

proceed IFP. *Id.* at 485. The Seventh Circuit disagreed, stating that when a defendant contests a plaintiff's allegations of imminent danger, a court must act to resolve the conflict by evaluating the credibility of the allegations. *Id.* at 485, 486. "A contrary conclusion would mean that a three-strikes plaintiff could proceed IFP whenever his allegations of imminent danger were facially plausible, even if the defendant had incontrovertible proof that rebutted those allegations. Such a rule would allow easy evasion of the three-strikes rule." *Id.* at 485–86.

Nothing about this language suggests a defendant is required to provide any evidence, much less incontrovertible evidence, in order to show that a plaintiff's allegations of imminent danger are implausible or false. An offer of evidence is certainly an option for challenging a plaintiff's assertion that he was in imminent danger. *See Taylor*, 623 F.3d at 485 (citing *Gibbs v. Roman,* 116 F.3d 83 (3d Cir. 1997) (noting that a court can evaluate a plaintiff's credibility "by relying on affidavits or depositions")). Another way is to simply ask questions that probe into the veracity of the plaintiff's allegations in order to determine if they are based in fact or "conclusory or ridiculous." *Taylor*, 623 F.3d at 485.

The latter is, of course, what happened during the first evidentiary hearing on October 2, 2015. Magistrate Judge Wilkerson and defense counsel questioned Plaintiff about the basis for his belief that he was being threatened with physical harm and death and denied protective custody in retaliation for filing grievances and lawsuits. And Magistrate Judge Wilkerson found that Plaintiff's allegations were not credible and therefore did not warrant preliminary injunctive relief. *See supra* p. 3. Defendants argue

that this finding also means that Plaintiff's allegations did not warrant granting him IFP status under the imminent danger exception to 28 U.S.C. § 1915(g) (Doc. 46). The Court agrees.

In his complaint, Talley alleged that other inmates and correctional officers were threatening to beat and kill him and that his requests for protective custody were ignored or denied (Doc. 1, Doc. 5). The Court determined that, based on these allegations, it was facially plausible that Talley was facing a real and proximate threat of serious physical injury, and Talley was consequently permitted to proceed under the "imminent danger" exception to 28 U.S.C. § 1915(g) (Doc. 5). In turn, because it was facially plausible that Talley was imminent danger, the Court also construed his complaint as including a request for preliminary injunctive relief (*see* Doc. 5). Thus it is clear that Talley's motion to proceed IFP and his request for a preliminary injunction were initially supported by the exact same allegations and therefore inseparably linked.[1]

That link was not broken when Talley expanded the allegations pertaining to his request for a preliminary injunction. Talley simply testified that the individuals who threatened him before he filed this lawsuit continued to do so during the eleven days that elapsed between the filing of his complaint and the preliminary injunction hearing.

---

[1] *See Taylor v. Watkins*, 623 F.3d 483, 486 (7th Cir. 2010) ("[I]n many cases . . . the allegations of imminent danger are linked to the allegations underlying the suit."); *Ammons v. Hannula*, No. 08-CV-608-BBC, 2009 WL 799670, at *3 (W.D. Wis. Mar. 24, 2009) ("Because prisoners who are allowed to proceed under the imminent danger exception allege that they face a pressing physical health emergency, it is this court's policy to construe their complaints as including a motion for preliminary injunctive relief, so that their claims of imminent danger can be determined as quickly as possible."). *Compare Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) ("In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), the threat or prison condition [must be] real and proximate. . . . the harm must be imminent or occurring at the time the complaint is filed.") (citations and internal quotation marks omitted), *with Hummel v. St. Joseph Cty. Bd. of Comm'rs*, 817 F.3d 1010, 1016 (7th Cir. 2016) ("[W]hen a federal court addresses a claim for injunctive relief, it must take care to determine whether plaintiffs have offered evidence of a 'real and immediate'. . . threat of a future violation of their rights.").

In other words, both the old and the new allegations involved the same conduct from the same inmates and officers (*compare* Doc. 30 *with* Doc. 79). Consequently, reason dictates that because Talley's allegations of real and proximate physical injury were deemed not credible and insufficient to warrant preliminary injunctive relief, those allegations are likewise not credible and insufficient to allow Talley to proceed IFP under the imminent danger exception.[2]

## CONCLUSION

Based on the above analysis, the Court concludes that Talley was not in imminent danger at the time he filed his complaint. Defendants' objections (Doc. 80) are **SUSTAINED**, Magistrate Judge Wilkerson's Report and Recommendation (Doc. 79) is respectfully **REJECTED**, and Defendants' Motion to Dismiss (Doc. 45) is **GRANTED in part** to the extent that it requests revoking Talley's IFP status.

Talley's IFP status is **REVOKED**, and he is **ORDERED** to pay the remaining balance of his filing fee—**$391.86**—on or before **October 20, 2016**.[3] If Talley fails to comply with this Order in the time allotted by the Court, this action will be dismissed.

---

[2] *See Almond v. Pollard*, 443 F. App'x 198 (7th Cir. 2011) (holding state prisoner failed to show his untreated back pain was causing life-threatening harm, as would establish imminent danger required to avoid the three-strikes bar, where these allegations were inseparably linked to lawsuit that prisoner had previously lost on the merits, in which the court had concluded that abundance of evidence refuted prisoner's claim that his back pain was being ignored); *Allen v. Lang*, No. 14-CV-0098-MJR-SCW, 2014 WL 7452173, at *1 (S.D. Ill. Dec. 31, 2014) (*sua sponte* revoking plaintiff's IFP status under imminent danger exception to three-strikes rule after plaintiff's request for preliminary injunction was denied); *Dye v. Grisdale*, No. 11-CV-443-BBC, 2012 WL 6055021, at *2 (W.D. Wis. Dec. 6, 2012) (granting motion to revoke plaintiff's *in forma pauperis* status "because it is clear from the facts adduced in the preliminary injunction and summary judgment proceedings that plaintiff was not in imminent danger of serious physical harm at the time he filed his complaint in this action."); *Ammons v. Hannula*, No. 08-CV-608-BBC, 2009 WL 799670, at *3 (W.D. Wis. Mar. 24, 2009) (explaining why it "makes sense" that the "denial of plaintiff's request for preliminary injunctive relief [is] tantamount to a finding that there is no 'imminent danger' of harm [under 28 U.S.C. § 1915(g)]").

[3] Talley was assessed an initial partial filing fee of $8.14, which was received on November 24, 2015. Because this is the only payment the Court has received from Talley, and litigants who are not granted leave to proceed IFP are required the pay a $400 filing fee, his outstanding balance to the Court is $391.86. 28 U.S.C. § 1914(a).

*See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994).

**IT IS SO ORDERED.**

DATED: September 21, 2016

*[signature]*

**NANCY J. ROSENSTENGEL**
**United States District Judge**