IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DURWYN TALLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cv-1032-NJR-DGW |
| | ) | |
| TRACY LEE, JACQUELINE LASHBROOK, | ) | |
| WILLIAM SPILLER, MICHAEL MONJE, | ) | |
| BRANDON ANTHONY, LANCE PHELPS, | ) | |
| KIMBERLY BUTLER, TERRI ANDERSON, | ) | |
| DONALD STOLWORTHY, JEANETTE | ) | |
| COWAN, and ZACH FITZGERALD, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by

United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S. C. § 636(b)(1)(B), Federal

Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the

Renewed Motion for Temporary Restraining Order and Preliminary Injunction filed by Plaintiff

on May 31, 2016 (Doc. 74).   For the reasons set forth below, it is **RECOMMENDED** that the

Motion be **DENIED** and that the Court adopt the following findings of fact and conclusions of

law.

### FINDINGS OF FACT

Plaintiff filed a Complaint on September 21, 2015 claiming that he was in imminent danger

from officials at the Menard Correctional Center, where he was an inmate, who were denying him

protective custody (among other things).   Plaintiff claimed that he notified officials that there was

a "gang hit" out against him because he had been labeled a "stool pigeon" but that the officials

would not place him in protective custody.   Plaintiff surmises that their reluctance was due to the

many grievances he had filed, lawsuits he had filed, and a false belief that he previously signed

himself out of protective custody while incarcerated at the Pontiac Correctional Center.   He is

proceeding on one count: Defendants conspired to retaliate against him for filing grievances and

lawsuits, by denying him placement in protective custody, in violation of his rights under the First

and Eighth Amendments.   Plaintiff seeks placement in protective custody, placement in a single

cell, and transfer to Pontiac CC.

On or around November 1, 2015, Plaintiff was transferred to the Pinckneyville

Correctional Center (Doc. 37).   Less than a month later, he was transferred to the Western

Correctional Center (Doc. 53).

In the present motion, Plaintiff seeks injunctive relief against Director Donald Stolworthy,

or the "acting director," and Warden Korte, the current warden of Western CC.   Plaintiff claims

that they are conspiring to send other inmates to Western CC from Menard CC in order to

"deliberately, yet indirectly bring physical harm to the plaintiff."   No hearing is necessary on the

Motion.

### CONCLUSIONS OF LAW

As indicated in a previous Report and Recommendation, a temporary restraining order

should not issue in this matter because Defendants have been notified of the request for injunctive

relief by the docketing of the Motion and they were given an opportunity to respond, which they

did (Doc.78).   Plaintiff is therefore not entitled to a temporary restraining order.

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be

a "clear showing" that Plaintiff is entitled to relief.   *Mazurek v. Armstrong*, 520 U.S. 968, 972

(1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL

PRACTICE AND PROCEDURE §2948 (5th ed. 1995)).  The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit."  *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988).   Plaintiff has the burden of demonstrating:

> 1. a reasonable likelihood of success on the merits;
> 2. no adequate remedy at law; and
> 3. irreparable harm absent the injunction.

*Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012).   As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning."  *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002).   Once Plaintiff has met his burden, the Court must weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest."  *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013).   "This equitable balancing proceeds on a sliding-scale analysis; the greater the likelihood of success of the merits, the less heavily the balance of harms must tip in the moving party's favor."  *Korte*, 735 F.3d at 665.   In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm."   18 U.S.C. § 3626(a)(2).   Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

A preliminary injunction is not warranted in this case.   In the context of a First Amendment case, the reasonable likelihood of success factor is "usually the decisive factor" because the loss of First Amendment rights "unquestionably constitutes irreparable injury" and protecting this right is in the public's interest.  *Wisconsin Right to Life, Inc. v. Barland*, 751 F.3d

804, 830 (7th Cir.2014).    There is no reasonable likelihood that Plaintiff will prevail on the merits of this case.   As found in the Court's previous Report and Recommendation, Plaintiff bases a number of his allegations on conjectures and speculation that have no basis in fact.   Plaintiff seemingly attributes unconstitutional motivations to actions that have legitimate purposes, simply because he believes that there is a vast conspiracy to cause him harm.   It is highly unlikely that he will be able to show that his First Amendment activity was "at least a motivating factor" in Defendants' actions.   *Gomez v. Randle*, 680 F.3d 859, 867 (7th Cir. 2012).   Finally, because it is unlikley that he was retaliated against, he would not be able to show a conspiracy to deprive him of his constitutional rights.   For this reason alone, Plaintiff should not be granted preliminary injunctive relief.

Second, Plaintiff's request for injunctive relief is wholly unrelated to the allegations in this suit, which concern the conduct of employees of the Illinois Department of Corrections at the Menard CC.   If Plaintiff believes that his constitutional rights are being violated by persons at the Western CC currently, he should grieve the issue at the prison and then file a new lawsuit, if necessary.

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that Renewed Motion for Temporary Restraining Order and Preliminary Injunction filed by Plaintiff on May 31, 2016 (Doc. 74), be **DENIED** and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto.   The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals.   *Snyder v. Nolen*, 380

F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir.

2003).

**DATED: November 14, 2016**

**DONALD G. WILKERSON**
**United States Magistrate Judge**