IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DURWYN TALLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:15-cv-1032-NJR-DGW |
| | ) |
| TRACY LEE, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

**WILKERSON, Magistrate Judge:**

On May 24, 2017, Plaintiff, who is proceeding *pro se*, was granted leave to depose parties and non-parties provided that he acquire a stenographer and serve the necessary notices (Doc. 138). Plaintiff was directed to provide information to the Court by June 30, 2017 so that the Court could assist in scheduling the depositions. Plaintiff was informed, however, that payment for the stenographer and any other costs of the deposition would be his responsibility. The deadline for Plaintiff to provide the information was extended to July 27, 2017 and the discovery deadline was extended to September 1, 2017 (Doc. 144).

Plaintiff now states that he wishes to use "Joan," the stenographer who took his deposition, and that her fee is $200.00 per hour. Plaintiff has not indicated whether he has reached an agreement with Joan or whether he has prepaid Joan's fee. He also has not provided her full name or address nor has he submitted the notices required by Rule 30. Plaintiff is again reminded that it is his obligation to furnish the Court with the stenographer's contact information and to forward to the Court acknowledgement from the stenographer that she agrees to transcribe the depositions that Plaintiff requests. In any future motion, Plaintiff shall attach the letter from the stenographer providing her contact information and agreement. Plaintiff is **GRANTED** until September 15,

2017 to provide this information to the Court. Once the information is received, depositions will be scheduled. All depositions shall be concluded by **October 16, 2017**. Plaintiff's motion to extend deadline is accordingly **GRANTED IN PART** (Doc. 145). It is unlikely that this deadline will be extended absent extraordinary circumstances.

Plaintiff's remaining motions are **DENIED**. The only deadlines in this matter are the October 16, 2017 discovery deadline and September 8, 2017 dispositive motion filing deadline. If Plaintiff requires more time to file responses to motions, he may file a motion. The motion for court order is **DENIED** (Doc. 146).

The motion to compel is **DENIED** (Doc. 147). Plaintiff states that he requires answers to requests to produce 1, 4, 5, and 7 as to Defendant Lee and all requests, except 6, as to Defendant Spiller. He further states that Defendant Lee has not responded to requests to admit. Defendants timely filed answers to Plaintiff's requests to admit on February 17, 2017 (Docs. 117, 124). The Court has reviewed Plaintiff's requests to produce and finds the answers sufficient. The requests submitted to Defendant Spiller are irrelevant and/or overly broad. Plaintiff seeks all grievance he has written, information on other inmates, information on the activities of intel officers, and all electronic information regarding himself, among other things. These requests are not tied to Plaintiff's claims in this lawsuit and Plaintiff does not explain how they are relevant or how their production is proportionate to the needs of this case. *See* FED.R.CIV.P. 26(b).

As to Plaintiff's requests to produce directed to Defendant Lee, Plaintiff has not indicated how any of the documents are relevant to his claim.

The "motion[s] to add intel/internal affairs officer . . . ." are **DENIED** (Docs. 150, 155). To the extent that Plaintiff seeks to amend his complaint in order to add new claims against Officer Young and the Assistant Warden of Operations, he should have filed a motion to amend and

included an entire amended pleading as required by Local Rule 15.1. In any event, the deadline for amending pleadings was February 10, 2017 (Doc. 98). Plaintiff has offered no convincing reason why that deadline should be extended. He states that he "just found out" about the Warden and did not know Officers Young's name. The Court notes that Plaintiff did not assert a claim against any John Doe defendant in his amended complaint (Doc. 107) for whom Officer Young would be substituted.

In the remaining motions (Docs. 148, 152, and 153), Plaintiff complains that he is not receiving legal mail, that the mail he sends for filing with the Clerk of Court are not being filed, and that he has not received file stamped copies of his motions. In relation to these motions, Plaintiff seeks counsel and an injunction to prevent further tampering with his mail. As to these last two requests, Plaintiff must file separate motions for injunctive relief (that complies with Rule 65) and for recruitment of counsel. As to the former requests, the Clerk of Court is **DIRECTED** to send to Plaintiff a copy of the docket sheet. Plaintiff shall inform the Court if any motion he has submitted has not been filed in this matter and shall provide a copy of that motion. Plaintiff is informed that only matters related to this particular case will be considered by the undersigned regardless of the number of cases that Plaintiff may be litigating in this District Court. As such, the "motion for status update" (Doc. 153), with the case number 15-cv-1073, is deemed **MOOT**.

### Conclusion

For the above reasons, the motion to extend deadline is **GRANTED IN PART** (Doc. 145); the motion for Court Order is **DENIED (**Doc. 146); the motion to compel is **DENIED** (Doc. 147); the motion for copy is **DENIED** (Doc. 148); the motion to add defendant is **DENIED** (Doc. 150); the motion for status is **DENIED** (Doc. 152); the motion for status is **MOOT** (Doc. 153); and, the motion to add is **DENIED** (Doc. 155). Clerk to send Plaintiff a copy of the docket sheet.

Plaintiff shall provide the information outlined above in this Order for depositions to be scheduled. Discovery deadline extended to **October 16, 2017**. As set forth above, it is unlikely this deadline will be extended.

**DATED: September 1, 2017**

**DONALD G. WILKERSON**
**United States Magistrate Judge**