IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DURWYN TALLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:15-CV-01032-NJR-DGW |
| | ) |
| TRACY LEE, JACQUELINE LASHBROOK, WILLIAM SPILLER, MICHAEL MONJE, BRANDON ANTHONY, LANCE PHELPS, KIMBERLY BUTLER, TERRI ANDERSON, DONALD STOLWORTHY, JEANETTE COWAN, and ZACH FITZGERALD, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of Magistrate Judge Donald G. Wilkerson (Doc. 205), which recommends denying two pending Motions for Preliminary Injunction filed by Plaintiff Durwyn Talley (Docs. 197, 198, 202).[1] The Report and Recommendation was entered on February 23, 2018. Talley filed a timely objection on February 28, 2018 (Doc. 207) and a second, supplemental objection on March 6, 2018 (Doc. 210). For the following reasons, the Court modifies the Report and Recommendation and denies the Motion for Preliminary Injunction.

## BACKGROUND

The facts of this case have been recited by the Court on numerous occasions. On September 21, 2015, Talley, an inmate of the Illinois Department of Corrections

---

[1] Talley's second Motion for Preliminary Injunction appears to have been filed twice (*see* Docs. 198, 202).

("IDOC"), filed a *pro se* Complaint stating that he was in imminent danger at Menard Correctional Center (Doc. 1). The Complaint alleges Defendants were aware Talley had a gang hit out against him for being a "stool pigeon," and that the hit was supposed to occur in May 2015. Talley alleges his request for protective custody was denied in retaliation for filing repeated grievances and lawsuits, in violation of his First and Eighth Amendment rights. Talley also claims he received death threats from other inmates and prison officials, who told him he would be beaten or killed if he continued with his court filings. The Complaint requests a transfer to Pontiac Correctional Center, placement in protective custody, and a single cell. On January 5, 2017, Talley was permitted to proceed on a second count, an Eighth Amendment violation for failure to protect him from an excessive risk of harm (Doc. 106).

Talley has filed a number of motions for preliminary injunction since filing his Complaint, all of which have been denied. In his current motions, filed in February 2018, Talley seeks to enjoin Defendants Spiller, Monje, IDOC Director John Baldwin (in place of former Director Donald Stolworthy), the Warden of Western Correctional Center and "other defendants" from intercepting, altering, failing to file, and failing to give him copies of his court documents (Doc. 197). Talley also wants to enjoin IDOC Director John Baldwin, Spiller, Monje "and all of their agents statewide" from failing to protect him and to stop Joseph Jennings, the head of Internal Affairs in Springfield, from directing this misconduct against him statewide (Docs. 198, 202). On May 31, 2018, Talley was transferred to Big Muddy River Correctional Center (Doc. 229).

In his Report and Recommendation, Magistrate Judge Wilkerson concluded that a preliminary injunction is not warranted in this case because there is no reasonable

likelihood Talley will prevail on the merits of the case (Doc. 205). As the Court has repeatedly found, Talley bases his allegations, including his belief that there is a vast conspiracy to harm him, on conjecture and speculation that has no basis in fact. Thus, Magistrate Judge Wilkerson found it is highly unlikely Talley will be able to show his First Amendment activity was "at least a motivating factor" in Defendants' actions.

Magistrate Judge Wilkerson also found that Talley's requests for injunctive relief are unrelated to the allegations in this lawsuit, which concern Defendants' refusal to place in him in protective custody at Menard in retaliation for filing grievances and lawsuits. Rather his motions for preliminary injunction involve interference with court filings and a failure to protect by employees at Western Correctional Center. Because the preliminary injunctive relief sought must relate to the claims pending in the underlying lawsuit, and the requests here only tangentially relate to the retaliation claim against Menard employees, Magistrate Judge Wilkerson found Talley is not entitled to injunctive relief.

Talley objected to the Report and Recommendation on February 28, 2018 (Doc. 207), arguing he is proceeding on both a retaliation *and a failure to protect claim*. Talley also takes issue with Magistrate Judge Wilkerson's conclusion that his allegations are based upon pure speculation. Talley then accuses Magistrate Judge Wilkerson of taking sides, having already decided the case, and depriving Talley of a fair trial. Talley filed a supplement on March 6, 2018 (Doc. 210) and provided an exhibit showing he was allowed to proceed on a failure to protect claim in addition to his retaliation claim.

## DISCUSSION

Where timely objections are filed, this Court must undertake a *de novo* review of

the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court must look at all of the evidence contained in the record and give fresh consideration to those issues to which specific objections have been made. *Id.* (quoting 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)). The Court may then accept, reject, or modify, in whole or in part, the magistrate judge's recommended decision. *Harper*, 824 F. Supp. at 788.

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that a plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2948 (5th ed. 1995)). The purpose of an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). To be granted an injunction, a plaintiff has the burden of demonstrating a reasonable likelihood of success on the merits, no adequate remedy at law, and irreparable harm absent the injunction. *Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012).

As to the first hurdle, the Court must determine whether the "plaintiff has any likelihood of success—in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). "The absence of an adequate remedy at law is a precondition to any form of equitable relief." *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 386 (7th Cir. 1984). The requirement of irreparable

harm eliminates those cases where, although the ultimate relief sought is equitable, the plaintiff can wait until the end of trial to get that relief. *Id.* Only if the plaintiff will suffer irreparable harm in the interim—that is, before a final judgment—can he obtain a preliminary injunction. *Id.*

Once the plaintiff has met his burden, the Court must weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). "This equitable balancing proceeds on a sliding-scale analysis; the greater the likelihood of success of the merits, the less heavily the balance of harms must tip in the moving party's favor." *Korte*, 735 F.3d at 665.

The Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). The Seventh Circuit has described injunctions like the one sought here, requiring an affirmative act by the defendant, as a mandatory preliminary injunction. *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997). Mandatory injunctions are "cautiously viewed and sparingly issued," since they require the court to command a defendant to take a particular action. *Id.* (citing *Jordan v. Wolke*, 593 F.2d 772, 774 (7th Cir. 1978)).

In this case, the Court agrees with Talley that Magistrate Judge Wilkerson mistakenly stated he is only proceeding on one count of First Amendment retaliation. As noted above, in January 2017, Talley was allowed to amend his complaint and proceed on both a retaliation claim and a failure to protect claim. Nevertheless, this oversight has no bearing on the result in this case, and the Court still adopts Magistrate Judge

Wilkerson's conclusion that a preliminary injunction is not warranted.

The "purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Benisek v. Lamone*, ---S.Ct.---, No. 17-333, 2018 WL 3013808, at *3 (U.S. June 18, 2018). Accordingly, the preliminary injunctive relief sought must relate to the claims pending in the underlying lawsuit. *See Oliver v. Lyerla*, No. 3:17-CV-206-DRH-DGW, 2017 WL 3498789, at *2 (S.D. Ill. July 25, 2017) (citing *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015) ("A preliminary injunction is appropriate when it grants relief of the same nature as that to be finally granted."); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (holding that "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint"). A motion for preliminary injunction is not a proper avenue to pursue additional claims or name additional defendants.

The Defendants in this matter are all officials at Menard Correctional Center, with the exception of James Baldwin, Director of the IDOC, and Terri Anderson, a chairperson on the Administrative Review Board. The conduct Talley alleges in the complaint occurred at Menard. As noted by Magistrate Judge Wilkerson, the requested relief pertains to officials at Western Illinois Correctional Center and, thus, is unrelated to the conduct alleged in the complaint. To the extent Talley is seeking to add claims or defendants (e.g., Joseph Jennings) to this lawsuit, his motions are improper.

Furthermore, since filing his motions for injunctive relief, Talley has been transferred yet again, this time to Big Muddy River Correctional Center. "If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first

prison is moot unless 'he can demonstrate that he is likely to be retransferred.'" *Clifton v. Miller*, 139 F.3d 901 (7th Cir. 1998) (quoting *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (citation omitted)). Talley has not demonstrated that he is likely to be retransferred back to Western (or Menard), so his motions for injunctive relief are moot.

## Conclusion

For these reasons, the Court **MODIFIES** the Report and Recommendation of Magistrate Judge Wilkerson (Doc. 205) to reflect that Talley is proceeding in this action on both a retaliation claim and a failure to protect claim and **DENIES** Plaintiff Durwyn Talley's motions for preliminary injunction (Docs. 197, 198, 202).

**IT IS SO ORDERED.**

**DATED:   June 22, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**